IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKIE GONZALEZ,<br><br>        Petitioner,<br><br>    v.<br><br>J. BALTAZAR,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-4238 (JBS)<br><br>[Crim. No. 96-114 (JBS)]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

Petitioner Frankie Gonzalez ("Gonzalez" or "Petitioner") was convicted on November 7, 1996 of conspiracy to violate the RICO Act in violation of 18 U.S.C. § 1962(d) and conspiracy to distribute heroin in violation of 21 U.S.C. § 846. On March 18, 1997, the Honorable Maryanne T. Barry, then of the U.S. District Court for the District of New Jersey, sentenced Gonzalez to two concurrent life terms imprisonment. Gonzalez seeks to vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he is "actually innocent" of his 18 U.S.C. § 1962(d) RICO Conspiracy and 21 U.S.C. § 846 convictions in light of the U.S. Supreme Court cases of Rosemond v. United States, 134 S. Ct. 1240 (2014) and Montgomery v. Louisiana, 136 S. Ct. 718 (2016).

Pending before the Court are Respondent J. Baltazar's ("Respondent") motion to dismiss the § 2255 petition [Docket

Item 21] and Gonzalez's motion to transfer the § 2255 petition to the U.S. District Court for the Western District of Louisiana, where he is presently confined. [Docket Item 27.] For the reasons explained below, the Court will grant Respondent's motion to dismiss and deny Gonzalez's motion to transfer as moot. The Court finds as follows:

1. **Factual and Procedural Background**. Following a four-week trial, on November 7, 1996, a jury found Gonzalez guilty of conspiracy to violate the RICO Act in violation of 18 U.S.C. § 1962(d) and conspiracy to distribute heroin in violation of 21 U.S.C. § 846. See United States v. Gonzalez, No. 96-cr-114-3 (D.N.J.). On March 18, 1997, Judge Barry sentenced Gonzalez to two concurrent life terms for the following reasons: "At the top level of a major heroin distribution organization since its inception in 1992. An organization which employed guns and violence and had a government informant murdered. A plan which defendant knew. Defendant participated in all aspects of the organization and, for a significant period of time, was its organizer and leader." United States v. Gonzalez, 401 F. App'x 727, 728 n.1 (3d Cir. 2010) (citing District Court's Judgment). Gonzalez filed a notice of appeal on April 9, 1997, see United States v. Gonzalez, App. No. 97-5168 (3d Cir.), which the Third Circuit denied in a memorandum opinion dated March 13, 1998, and

the U.S. Supreme Court denied certiorari review on November 30, 1998.

2. On December 13, 1999, Gonzalez filed his first habeas petition pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the District of New Jersey. See Gonzalez v. United States, No. 99-5800-JWB (D.N.J.). The Honorable John W. Bissell denied the petition as untimely because it was filed more than one year after the Supreme Court had denied certiorari. Chief Judge Bissell subsequently denied the issuance of a certificate of appealability, and the Third Circuit likewise denied Gonzalez's request for a certificate of appealability. See Gonzalez v. United States, App. No. 00-3545 (3d Cir.).

3. On April 25, 2017, Gonzalez filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, see Gonzalez v. Baltazar, No. 17-759 (M.D. Pa.), where he was then incarcerated. On May 17, 2017, the Honorable Robert D. Mariani dismissed the petition without prejudice for lack of jurisdiction because Gonzalez had not shown that the remedies available under 28 U.S.C. § 2255 were inadequate or ineffective. See Gonzalez v. Baltazar, 2017 WL 2175804, at *2-4 (M.D. Pa. May 17, 2017).

4. On June 7, 2017, Gonzalez filed the pending habeas petition pursuant to 28 U.S.C. § 2255 in the U.S. District Court for the District of New Jersey. [Docket Item 1.] In the petition

itself, Gonzalez raised one ground on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States, explicitly incorporating by reference the same ground for relief raised in his § 2241 petition in the Middle District of Pennsylvania [Docket Item 1 at 4], namely that he is "actually innocent" of his 18 U.S.C. § 1962(d) RICO Conspiracy and 21 U.S.C. § 846 convictions in light of the U.S. Supreme Court's decision in Rosemond v. United States, 134 S. Ct. 1240 (2014). [See Docket Item 1-3 at 16.] Gonzalez subsequently filed a "Request to Supplement Ground Two to Petitioner's § 2255(e) 'Savings Clause' § 2241 Writ of Habeas Corpus Pursuant to Fed. R. Civ. P. Rule 15(d)," wherein he additionally requests relief pursuant to the U.S. Supreme Court case of Montgomery v. Louisiana, 136 S. Ct. 718 (2016). [Docket Item 3.]

5. On June 29, 2017, the Court ordered Respondent to file an Answer in response to Gonzalez's § 2255 petition. [Docket Item 2.] The Court subsequently granted Respondent several extensions of time [Docket Items 9, 13, 16, and 20] and, on July 12, 2018, Respondent filed a motion to dismiss Gonzalez's § 2255 petition. [Docket Item 21.] In this motion, Respondent argues, inter alia, that Gonzalez's § 2255 petition should be dismissed for three reasons: (1) the Court lacks jurisdiction over Gonzalez's "successive" § 2255 petition under the Anti-Terrorism

4

and Effective Death Penalty Act of 1996 ("AEDPA"); (2) Gonzalez's § 2255 petition is untimely; and (3) if the Court construes the instant petition under 28 U.S.C. § 2241, this Court lacks jurisdiction because Gonzalez is not presently incarcerated in the District of New Jersey. [See generally Docket Item 21-1 (hereinafter, "MTD Br.").] Gonzalez filed opposition to Respondent's motion to dismiss [Docket Item 24], as well as a motion to transfer his habeas petition to the Western District of Louisiana [Docket Item 27], the jurisdiction and District in which he is presently confined.

6. **Discussion of Law**. Through the 1948 revision of the Judicial Code and AEDPA, Congress has restricted a prisoner's access to habeas proceedings.[1] The Court reviews the law relevant to the Gonzalez's attempted collateral challenge and explains why his petition must be dismissed in turn below.

7. Congress has designated § 2255 as the presumptive and primary statutory vehicle for any habeas claim challenging a conviction or sentence. See Okereke v. United States, 307 F.3d

---

[1] Congress enacted the 1948 Revision and promulgated AEDPA primarily to improve judicial economy and to limit excessive and meritless habeas claims, which were overwhelming courts in custodial districts. See United States v. Hayman, 342 U.S. 205, 212–14 (1952); see also Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999) ("[§ 2255] both spread out among the districts the burden of handling such cases and also ensured that in most instances the proceeding would be conducted in the district where the necessary witnesses and records were located").

117, 120 (3d Cir. 2002), cert. denied, 537 U.S. 1038 (2002); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Conversely, Congress expressly prohibited district courts from hearing habeas claims challenging a sentence under the authority of § 2241 in the majority of circumstances. See 28 U.S.C. § 2255(e); see also United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (collateral challenge to sentence should be brought under § 2255, while challenge to the manner in which the sentence is imposed should be brought under § 2241).

8. Through AEDPA, Congress also imposed a stringent gatekeeping provision which limited a prisoner's ability to file "second" or "successive" § 2255 habeas petitions. See 28 U.S.C. §§ 2244(a), 2255. That is, before a successive § 2255 petition can be heard by the sentencing court, the petition must be certified by the Court of Appeals as containing:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

9. Moreover, Congress channeled all habeas petitions challenging a sentence back to the sentencing district,

6

obviating jurisdiction over such claims in the custodial district. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); see also Bruce v. Warden Lewisburg USP, 868 F. 3d 170, 180 (3d Cir. 2017) ("Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence . . . when there is a change in statutory caselaw that applies retroactively in cases on collateral review . . . [a]nd second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255.") (internal citations omitted). Thus, when a § 2241 petition challenging a conviction or sentence is filed in the custodial district, it is "usually dismissed for a lack of subject matter jurisdiction." Nwanze v. Hahn, 97 F. Supp. 2d 665, 669 (W.D. Pa. 2000); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). Indeed, this was the basis for Judge Mariani's May 17, 2017 dismissal of Gonzalez's § 2241 claim in the Middle District of Pennsylvania. See Gonzalez, 2017 WL 2175804, at *4. As Judge Mariani explained to Petitioner then, dismissal of the 2241 petition was "without prejudice to Gonzalez's ability to take any action he deems appropriate under 2255 to preserve and present his issues in a second or successive motion **in the appropriate Court of Appeals**." Id. (emphasis added).

10. Turning to the case at bar, Gonzalez asserts in his § 2255 petition, which incorporates by reference his dismissed § 2241 petition, that he is "actually innocent" of his 18 U.S.C. § 1962(d) and 21 U.S.C. § 846 convictions in light of Rosemond and Montgomery. As noted supra, Gonzalez previously filed a § 2255 petition in 1999, see Gonzalez v. United States, No. 99-5800-JWB (D.N.J.), which was denied as untimely. Accordingly, the pending § 2255 petition is "second" or "successive," and he must seek a certification from the Third Circuit before returning to the district court. See 28 U.S.C. §§ 2244(b)(2)(A) and 2255(h)(2); see also In re Pendleton, 732 F.3d 280, 283 (3d Cir. 2013) ("Before a second or successive petition may be filed in district court, the petitioner must apply for a certification from the appropriate United States court of appeals."). In the meantime, this Court lacks jurisdiction to entertain Gonzalez's § 2255 petition.

11. If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) ("When a second

8

or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

12. In this case, the Court does not find it in the interests of justice to transfer Gonzalez's habeas petition to the Third Circuit because his § 2255 petition is untimely. In his petition, Gonzalez argues that his sentence should be deemed unconstitutional under Rosemond v. United States, 134 S. Ct. 1240 (2014), and Montgomery v. Louisiana, 136 S. Ct 718 (2016), which made the Supreme Court's holding in Miller v. Alabama, 567 U.S. 460 (2012), retroactive. Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations runs "from the latest of . . . [t]he date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Moreover, the Supreme Court has recognized that § 2255(f)(3)'s limitation period runs from the date the Supreme Court recognizes the new right, not the date the new right is made retroactive. See Dodd v. United States, 545 U.S. 353, 357-58 (2005). Thus, the statute of limitations ran on Gonzalez's Rosemond argument in 2015 and his Montgomery/Miller argument in 2013, and he untimely filed his § 2255 petition in 2017. Moreover, Gonzalez has not made any showing as to why the one-year limitation period should be tolled. See Jones v.

Morton, 195 F.3d 153, 159 (3d Cir. 1999). As such, Gonzalez does not appear able to meet the standard under § 2255(h) for bringing a successive petition, and thus the interests of justice do not warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted. This decision not to transfer the petition in no way precludes Gonzalez from seeking permission from the Third Circuit himself pursuant to § 2244(b), should he so choose.

13. **Conclusion**. For the reasons stated above, Respondent's motion to dismiss will be granted and the Petition under 28 U.S.C. § 2255 will be dismissed for lack of jurisdiction. Petitioner's motion to transfer will be denied as moot.[2] The accompanying Order will be entered.

**November 28, 2018**         **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                             U.S. District Judge

---

[2] The motion to transfer is "moot," that is, it does not present a matter that remains to be adjudicated because this Court's finding of lack of jurisdiction also means it lacks the power to decide any other motions in this case.